Chen v. Holder

BIA
A200 740 476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand fourteen.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        GERARD E. LYNCH,
           *Circuit Judges.*

_____

CHUNXIANG CHEN, AKA XIANGCHUN CHEN, AKA CHUNXIANG CHEN, AKA XIANG CHUN CHEN,
        *Petitioner,*

v.
                     13-1254
                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Eric Zheng, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant

**Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner ChunXiang Chen, a native and citizen of the People's Republic of China, seeks review of a March 18, 2013, decision of the BIA denying her motions to reopen and reconsider. *In re Chunxiang Chen*, No. A200 740 476 (B.I.A. Mar. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. Because Chen does not challenge the denial of *sua sponte* reopening, we do not address it.

We review the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). An alien must file a motion to reconsider within 30 days of the decision for which review is sought, while a motion to reopen must be filed within 90 days of the final

2

administrative order.  *See* 8 U.S.C. § 1229a(c)(6)(B), (7)(C);  8 C.F.R. § 1003.2(b)(2), (c)(2).  The BIA may deny reopening if the alien fails to demonstrate her *prima facie* eligibility for the underlying relief sought or does not present new, previously unavailable evidence.  *See* 8 C.F.R. § 1003.2(c); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

To the extent Chen requested reconsideration of the agency's denial of cancellation of removal, by arguing that the immigration judge ("IJ") mischaracterized her testimony as inconsistent, the BIA did not abuse its discretion in denying the motion as untimely because Chen filed it after the 30-day filing deadline.  *See* 8 U.S.C. § 1229a(c)(6)(B).

Although Chen's motion to reopen was timely, it did not present material, previously unavailable evidence.  Her explanation, that her apparently inconsistent testimony regarding her U.S. residences was a result of her misunderstanding of the questions posed, is an argument, not evidence.  *See Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (stating that "the arguments of counsel are not evidence").  Moreover, it is an explanation that could have been provided to the IJ or on appeal to the BIA, and, therefore, was previously available.  *See* 8 C.F.R.

§ 1003.2(c)(2). Nor was Chen's evidence of her continuous residence in the United States new or previously unavailable, as it predated her 2011 merits hearing.

Regarding her request to pursue an I-601A provisional waiver of inadmissibility, Chen submitted evidence that she had an approved visa petition and that qualifying relatives would suffer hardship if she were removed. As the BIA explained, however, there were additional waiver requirements that Chen did not address. With respect to an alien in removal proceedings, a waiver is available only if the agency had administratively closed proceedings, instead of entering a removal order; here, Chen was ordered removed. 8 C.F.R. § 212.7(e)(3)(ii), (4)(v) (2014); *see also* 78 Fed. Reg. 536, 545 (Jan. 3, 2013). Moreover, Chen did not demonstrate that she had a pending case before the Department of State based on her approved visa petition, a prerequisite for the waiver. *See* 8 C.F.R. § 212.7(e)(3)(v). Because Chen's removal order rendered her ineligible for the waiver, she did not establish her *prima facie* eligibility for the relief sought, as required for reopening. *See* *Abudu*, 485 U.S. at 104-05.

Nothing in this decision precludes Chen from asking the Government to file a joint motion to reopen and terminate her proceedings in order to give her the benefit of applying for the I-601A waiver and consular processing, particularly given that the Government's agreement to remand Chen's prior petition under *In re Immigration Petitions for Review Pending in U.S. Court of Appeals for the Second Circuit,* 702 F.3d 160(2d Cir. 2012), indicates that removal is not forthcoming.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk